# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

Knoxville Division

FILED
2025 MAR 12 PM 3:37
US DISTRICT COURT
EASTERN DIST. TENN.

| | | |
|---|---|---|
| Candice Jones | ) | Case No. 3:25-cv-103 |
| *Plaintiff(s)* | ) | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | Crytzer / McCook |
| -v- | ) | Jury Trial: *(check one)* ☐ Yes ☐ No |
| University of Tennessee | ) | |
| *Defendant(s)* | ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I. The Parties to This Complaint**

   **A. The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Candice Jones |
   | Street Address | 402 Burns Rd |
   | City and County | Knoxville, Knox |
   | State and Zip Code | Tennessee, 37914 |
   | Telephone Number | 865-257-9772 |
   | E-mail Address | |

   **B. The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | University of Tennessee |
| Job or Title *(if known)* | Jennifer Tsuruda, Asst. Prof. Dept. of Entomology and Plant Pathol. |
| Street Address | 505 Summer Place – UTT 946 |
| City and County | Knoxville, Knox |
| State and Zip Code | Tennessee 37902 |
| Telephone Number | (865) 974-3245 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | University of Tennessee |
| Job or Title *(if known)* | Office of Equity and Diversity |
| Street Address | 505 Summer Place – UTT 946 |
| City and County | Knoxville, Knox |
| State and Zip Code | Tennessee 37902 |
| Telephone Number | (865) 974-3245 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | University of Tennessee |
| Job or Title *(if known)* | Office of General Counsel |
| Street Address | 505 Summer Place- UT 1155 |
| City and County | Knoxville, Knox |
| State and Zip Code | Tennessee 37902 |
| Telephone Number | (865) 974-3245 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | University of Tennessee |
| Street Address | 505 Summer Place – UTT 946 |
| City and County | Knoxville, Knox |
| State and Zip Code | Tennessee, 37902 |
| Telephone Number | |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) **November 1, 2023 through February 16, 2024**

C. I believe that defendant(s) *(check one)*:
- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)* **mobility (knee, back impairment), neurological, menhq̨**

E. The facts of my case are as follows. Attach additional pages if needed.

On 11/1/23 I began employment with UTK. During my tenure I made multiple attempts to engage in interactive process with my direct supervisor, all which went ignored, The only response from my supervisor was to restrict my access to sick leave without prior approval, Concurrently, I filed for disabilty accommodations through OED, who received all necessary paperwork and approved my case on 12/7/23 but never implemented any safeguards. Finally, on 2/7/24 OED met with my supervisor to discuss request for accommodations. I never received any feedback until the following week when my supervisor called a meeting to take place the next day, where I was terminated without warning or notice. I maintain discrimination through failure to accommodate and retaliation. See attached.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

December 11, 2024

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* 12/13/2024 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

front pay, compensatory, and punitive damages to be determined by the court

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 03/11/2024

Signature of Plaintiff
Printed Name of Plaintiff  Candice Jones

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

I was hired by above-named employer on November 1, 2023, as a Research Technician. The employer has more than 20 employees.

On November 1, 2023, I began a research technician position with the University of Tennessee, Knoxville on a project under the supervision of Jennifer Tsuruda. Per conversation with Dr. Tsuruda (JT) prior to hire, as well as listed on the job description, I requested a flexible hybrid work schedule that would accommodate my medical needs related to disability. I did not wish to disclose details of my disability unless absolutely necessary, and hoped the flexible schedule would allow me to manage.

I made my first attempt toward the interactive process on 11/1/2023, during onboarding discussion with JT, asking about access to a hybrid schedule. JT stated that was no longer an option, and likened my position to that of a graduate student. I made my second verbal attempt at the interactive process on 11/3/2023, again asking JT for hybrid scheduling due to medical issues, and I offered to go through the OED office to give my claim legitimacy. JT responded by saying no, you dont need to do that. Due to JTs disregard for my request, I reached out to the University of Tennessee Dept. of Equity and Diversity (OED) on 11/6/2023, who houses the University ADA office. I spoke at length with Elizabeth Keathly (EK), who heard my concerns, counseled me on the steps of the interactive process and guided me to the website where I could fill out an application to request accommodations. I had follow-up discussions with OED on 11/20, 27, 28, and 30. Emails from EK show OED received the following: my application on 12/1/2023, my doctor letter on 12/4/2023, the required medical form from my doctor on 12/5/2023 via fax, indicating the need for accommodations. My first in-person meeting with EK was December 7, 2023, followed by a Zoom meeting on 12/14/2023, where I was assured the medical documentation I had provided substantiated the need for accommodations, which were both valid and appropriate. I believed this meeting and medical documentation were sufficient to initiate the request.

During that time, on 11/13/2023, I made another effort to engage in the interactive process with JT via email, asking specifically for time off and the option of telework related to an absolutely necessary medical appointment; a request which also went ignored. This was my last attempt to engage with JT, as OED policy stipulates that once the interactive process is begun, the employee is to not discuss disability or accommodations with their supervisor, as it is to be handled exclusively by OED. (See https://dae.utk.edu/eoa/frequently-asked-questions/ under What Is Interactive Process). Despite EK assuring me that my medical documentation substantiated my accommodation requests, OEDs interactive process became more complicated. In our 12/14/2023 conversation, EK stated that the next step was to contact my supervisor (JT). I did inquire at that time, and EK agreed, that efforts to move forward would begin the following semester (by this time there was less than a week before the long holiday break). Immediately on return, 1/2/2024, I emailed EK to ask if we could meet as soon as possible to make a plan to request accommodations, and again on 1/11/2024 and 1/30/2024.

For some uncertain reason, I was again asked to submit more medical documentation and specific details on my requests, and while I tried to comply, was concerned about the delay in OED contacting JT. This made further medical needs very challenging for me. As it was, my supervisor, JT, was out of the office for a week without prior notice to me, and by the second week of January the University was officially closed for inclement weather. My only recourse was to take leave to meet my medical and disability challenges, which I again addressed with JT on 12/21/2023, 1/11/2024, 2/2/2024 and 2/14/2024 via email, noting that I had needed time off for serious medical issues and appointments that would require I go straight home. JTs only response (2/4/2024) was to restrict my use of leave time without advance approval. I was never given any flex time or any option to telework despite being required to work from home during the official University closure (1/18-22/2024).

EK with OED confirmed in an email on 2/5/2024 that she is meeting with my supervisor that Wednesday, on 2/7/2024. I never heard back from EK except for her responding to my report that a disability access door was not properly working. The only replies I got from OED thereon was that they were conferring with my Department (Entomology and Plant Pathology). On 2/12/2024 I notified JT that I was struggling with a debilitating medical issue, but I decided to stay on campus and work rather than go home. In our weekly lab meeting, JT stated since I had stayed and not gone home, I needed to send her all my work by 5pm. I believed our meeting otherwise productive and I sent the requested updated work that afternoon. On 2/14/2024 I sent an email to JT speaking about my severe medical symptoms and my efforts to be both transparent about my needs as well as my commitment to the project. This was the last communication I had with JT until the following day's notice. On 2/15/2024 JT emailed me and called for a supervisory meeting- the first request for such. We agreed I could attend via Zoom. On 2/16/2024 I attended a Zoom meeting with Jennifer Tsuruda, Bill Jackson and Sonya Dexter. Bill Jackson was the only one that spoke and informed me my employment was to be terminated. Upon my inquiry, I was notified that I could pick up my separation notice from HR.

Reasons for my termination largely surround the assertion that there was not sufficient progress made on the project, and additionally that I was absent from my desk, and that I was not committed to the stakeholders. I vehemently deny these charges, as I made great strides in the project work, despite not being given the resources needed to complete all goals, including the lack of feedback from Jennifer Tsuruda. The project was already 2 years behind when I was brought on board, and the expectations of my role on the project were both unrealistic and inappropriate. My attendance at my job was excellent, missing only 1.5 full days of work after contracting Covid-19, and the limited hours I took to address my disability/medical issues. Any time I spent away from my desk was either to attend Zoom meetings with OED, Ombudsmen or IRB, or to address immediate needs related to my disability. Any other assertions about my affect or demeanor I also contend as false, as I jovially engaged with other staff and professors, some of them being stakeholders of the project.

In addition to the evidence of discrimination I have stated, I also assert that Jennifer Tsuruda engaged in acts of intimidation related to my employment. This includes complaining about her graduate students' lack of progress and that they take time for medical appointments, threatening me against University policy in regards to leave and payment, and tracking my and her students whereabouts. I was also intimidated to ask for accommodating resources, as I was denied other expenditures- like a phone, making color copies, or even a portable computer (laptop), again despite the requirement to work from home. I made many efforts to engage Dr. Jennifer Tsuruda in interactive process without having to divulge the very personal specifics of my disability, and every effort was ignored. I believe my access to flexible work and telework were conditional on my progress on the project, but that progress was held up by ineffective management on part of Dr. Tsuruda. The OED office provided an avenue of support, but that effort was too slowly implemented to provide necessary reasonable accommodations. I was forced to manage my disability on my own, which led to a barrier to my overall success, and even resulted in a decline in my physical health. Submitted 11/21/2024 by CDJ

I believe I have been discriminated against because of my age (52) in violation of the Age Discrimination in Employment Act of 1967 (ADEA). I believe that I am being discriminated against due to disability and retaliated against in violation of Title I of the Americans with Disabilities Act of 1990.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228
(629) 236-2240
Website: www.eeoc.gov

## **DETERMINATION AND NOTICE OF RIGHTS**
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/13/2024

**To:** Candice Jones
402 Burns Rd
KNOXVILLE, TN 37914

Charge No: 494-2024-01634

EEOC Representative and email:  DAWN SMITH
Investigator
Dawn.Smith@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 494-2024-01634.

On behalf of the Commission,

Digitally Signed By: Phillip Bornefeld
12/13/2024
Phillip Bornefeld
Area Office Director